# BENJAMIN CAHOON v. SYLVESTER MARSHALL, GEO. W. STEWART, AND CHAUNCEY STEWART.

POSSESSION OF PERSONAL PROPERTY.—An actual change of the possession of personal property, as distinguished from that which by mere intendment of law follows the transfer of title, is an open visible change, manifested by such outward signs as render it evident that the possession of the vendor has wholly ceased.

INSTRUCTIONS TO A JURY.—The jury are the exclusive judges of the facts, and it is erroneous for the Court to assume, in its instructions to the jury, that a certain fact exists, and then submit to them the question whether or not it does exist.

POSSESSION OF LAND.—The possession of real property is of two kinds: the one constructive, depending upon the title and the right to the actual possession, and the other subsisting in the actual occupation.

DELIVERY OF PERSONAL PROPERTY.—Where one purchases land and receives a conveyance therefor, and at the same time buys personal property on the land, the question whether the vendee had actual possession of the land is an important one in determining whether there was an actual delivery of possession of the personal property.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*Harrison & Estee,* for Appellants.

We will call the attention of the Court to the first instruction excepted to: " Being in possession of the real estate, that he was also in possession of the personal property."

" Being in possession of the real estate" was an absolute assertion on the part of the Court that Cahoon had such possession, and left nothing to the jury. For the proposition

that having exclusive possession of the ranch, carried with it possession of the personal property located on it, is purely a question of law, and not of fact, and the jury have nothing to do with it.

*Robert Robinson*, for Respondent.

Take the charge together, it is entirely proper. The first exception of defendants, commencing "Being in possession," etc., is only part of a proposition, if he was so in possession, then such would be the result; and there is no doubt of the correctness of the proposition. The law is, that possession of the land does carry with it the possession of personal property. (*Montgomery et al.* v. *Hunt*, 6 Cal. 366.)

By the Court, CURREY, J.

The plaintiff, who was a creditor of the firm of Miller & Miller in the sum of about seven thousand and six hundred dollars, purchased of them on the 7th of August, 1861, two parcels of real property, one of which was in the City of Sacramento, and the other (a farm) was about eight miles therefrom. The price at which he so purchased was six thousand dollars, and the payment was made by a credit of the Millers with that sum on their debt. A deed of conveyance was executed by them to the plaintiff and duly recorded on that day. To satisfy the balance still due, the Millers on the same day sold to plaintiff certain personal property which was upon the farm and delivered the same to him. The plaintiff at the time employed one Minott, who was then in the service of the Millers on the farm, to take the charge and care of this personal property for him. Minott accepted the employment and remained in charge of the property until it was taken from him by the defendants; and one of the Millers also remained upon the farm, though it does not distinctly appear that he was there to the plaintiff's knowledge or by his consent.

Three days after these sales were made, George W. Stewart

and Chauncey Stewart, who were also creditors of the Millers, commenced actions against them in the District Court for the recovery of the sums of money due the Stewarts, and sued out writs of attachment, by virtue of which the defendant Marshall, who was the Sheriff of the County of Sacramento, attached the personal property sold to the plaintiff. The Stewarts afterward obtained judgments, upon which executions were issued and by virtue thereof the same property was sold by the Sheriff. Immediately after the execution of the attachments, the plaintiff gave the defendants notice of his purchase of and claim to the property. For the taking away and disposing of this personal property the plaintiff brought this action.

The defense interposed was that the sale was made to hinder, delay and defraud the creditors of the Millers, and also that such sale was not accompanied by an immediate delivery of the property sold, nor followed by an actual and continued change of the possession thereof from the vendors to the vendee.

At the trial of the issues joined much evidence was introduced and submitted to the jury respecting the *bona fides* of the sale, and also touching the delivery and actual and continued change of possession. The case was submitted, under instructions of the Court, to the jury, who rendered a verdict for fifteen hundred dollars in favor of the plaintiff against the defendants, on which judgment was entered.

The defendants having appealed from the judgment and an order denying their motion for a new trial, have presented a bill of exceptions to portions of the charge of the Court, and now insist that the judgment ought to be reversed for the causes arising upon their bill of exceptions.

At the request of the defendant's counsel the Court instructed the jury that, "To make a sale valid the delivery must be made of the property sold; the vendee must take the actual possession; that possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee. It must be such as to give evidence to

the world of the claim of the new owner; he must, in other words, be in the usual relation to the property which owners of goods occupy to their property. This possession must be continuous; not taken to be surrendered back again; not formal, but substantial." In connection with this instruction the Court, in substance, charged the jury that there was no dispute about the validity of the sale and conveyance of the real property, and that thereby the right to its immediate possession passed from the vendors to the purchaser; that the property in dispute was at the time it was seized under the attachments, upon the farm which had been recently sold by the Millers to the plaintiff, and that plaintiff, being the owner of the real estate, and having purchased the personal property described, the question of fact for the jury to determine was, whether the plaintiff was so in possession of the personal property as to give notice to the world that (assuming he was in possession of the real estate) he was also in possession of the personal property. This is the obvious import of the instruction.

The defendants' counsel excepted to so much of the instruction as is in this language: " Being in possession of the real estate, he was also in possession of the personal property." To understand the point it is necessary to look to what preceded the words particularized by the exception; and when the whole instruction is considered, it appears to have been left to the jury to decide, after assuming it as a fact that the plaintiff was the owner and in the possession of the farm, whether or not he was, at the time the property was attached, in its possession.

There are two kinds of possession of real property—the one constructive, the other actual—the one depending upon the title and the present right to the actual possession, and the other subsisting in the actual occupation or the *possessio pedis*. The question as to the plaintiff's actual possession of the farm, was a point involved in the trial before the jury, so far as the possession of the personal property in controversy was made to depend upon the possession of the farm.

Cahoon *v.* Marshall *et als.*

The fifteenth section of the Statute of Frauds declares that every sale made by the vendor of goods and chattels in his possession or under his control, unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things sold, shall be conclusive evidence of fraud as against the creditors of the vendor. (Wood's Dig. 107.)  A sale which is not followed by the change of the possession of the property sold which the statute has prescribed is, as to the creditors of the vendor, to be deemed fraudulent and void, and the want of such change of possession when established admits of no excuse nor explanation.    The wisdom of this law commends it to the favorable consideration of Courts of justice, and reasons of public policy demand its faithful execution.

What constitutes an actual change of the possession of personal property, as distinguished from that which by mere intendment of law follows the transfer of title, is not of difficult solution.    It is an open, visible change, manifested by such outward signs as render it evident that the possession of the vendor has wholly ceased.    (*Randall* v. *Parker*, 3 Sand. 73.)    Then if the possession of the property by the vendors, in the case under consideration, had not wholly ceased when it was attached, it was liable to the attachments, notwithstanding, as between the vendors and vendee, the sale was complete and the title to the property had become vested in the plaintiff as the purchaser.

The possession by the plaintiff of the farm upon which the personal property was when it was purchased by him, provided it was an actual and exclusive possession, would be strong evidence of the like possession of such personal property ; but so long as the vendors, or either of them, remained upon the farm, if with the plaintiff's knowledge or consent, the Court could not properly exclude from the jury the determination of the question as to whether the vendors or vendee was in the actual possession of the farm, or whether the possession was not jointly held by them.    If the actual and exclusive possession of the farm by the plaintiff would be

26

strong evidence of his like possession of the personal property, then the possession of the farm by the vendors, or the concurrent possession of it by the vendors and vendee, would at least tend very strongly to show that the plaintiff had not that actual possession of the personal property necessary to place it beyond the reach of the creditors of the vendors. Hence it was erroneous for the Court to assume and thereby decide the fact to be that the plaintiff was in the possession of the farm when the personal property thereon was attached.

The other objections assigned by the appellants we deem untenable when the instructions given to the jury at the request of the plaintiff are considered in connection with the qualifying instructions of the Court.

As the case must be remanded for a new trial, it is proper to express our opinion in reference to proving the declarations of the vendors concerning the transaction after the sale was made and the property delivered so as to pass it to the purchaser. This species of evidence is, as a general rule, inadmissible, and is never to be received unless it appears that the vendors' declarations were made while in possession of the property, with the knowledge or consent, express or implied, of the vendee, in which case their declarations made while in possession of the property attached might be considered as of the *res gestæ.*

The judgment is reversed and the cause remanded for a new trial.