[No. 12241. In Bank.—May 24, 1890.]

E. M. BUNTING, RESPONDENT, *v.* S. SALTZ ET AL., APPELLANTS.

STATUTE OF FRAUDS—SALE OF PERSONAL PROPERTY—ACTUAL AND CONTINUED CHANGE OF POSSESSION.—A transfer of personal property, not accompanied by an immediate delivery, and an actual and continued change of possession, is conclusively presumed to be fraudulent, and therefore void as against the creditors of the vendor.

ID.—DEFINITION OF "ACTUAL."—The word "actual," as applied to the change of possession required by section 3440 of the Civil Code, means existing in act, and truly and absolutely so; really acted or acting; carried out; opposed to potential, possible, virtual, or theoretical.

ID.—INSUFFICIENT EVIDENCE OF CHANGE OF POSSESSION—ATTACHMENT OF FARM-WAGON RETAINED ON HOMESTEAD—AGENCY.—The evidence is insufficient to show an actual and continued change of possession of a farm-wagon attached by a creditor of the vendor, if it appears that the wagon was retained upon a farm properly claimed as a homestead by the vendor's wife, and upon which the family of the vendor continued to reside, after the wagon had been sold to the mother of the vendor, who was a non-resident of the state, though it may appear that the vendor had ceased farming and engaged in other business, and that his wife and her father were the authorized agents of his mother to act for her in regard to the property sold to her.

ID.—AUTHORITY TO TAKE POSSESSION.—Such transaction could amount to no more than an authority to the vendee to take actual possession of the farm-wagon, which she failed to do.

ID. — INVALID CONVEYANCE OF HOMESTEAD. — A deed of the husband, in which the wife does not join, purporting to convey the homestead to a vendee, to whom he has sold a farm-wagon situated thereon, is wholly inoperative as a conveyance of the homestead, and does not constitute any evidence of a change of possession of the premises or of the farm-wagon.

ID. — CHANGE OF INDICIA OF OWNERSHIP. — There is no sufficient change of possession when the property appears to remain, to all external appearances, in the same condition in which it was before the sale, and there is nothing to notify third persons of the claim of the new owner. The possession of the vendee must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee.

ID. — CONSTRUCTIVE POSSESSION OF PERSONAL PROPERTY SOLD — CHANGE OF OWNERSHIP OF LAND INSUFFICIENT. — Constructive possession by the vendee of personal property sold, or the mere transfer of ownership of land on which the personal property is situated, is not alone sufficient to constitute the change of possession of the personal property required by the statute of frauds; but the possession of the personal property must be so changed as to indicate by the change that the former owner no longer owns it.

ERRONEOUS INSTRUCTION AS TO EVIDENCE. — In no conceivable case would it be proper to instruct the jury that if there is some evidence in favor of the plaintiff's side of the case, whether it be little or great, it is their duty to find for the plaintiff.

TIME FOR APPEAL FROM JUDGMENT — DISMISSAL. — An appeal from a judgment taken more than one year after its entry will be dismissed.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The action was brought to recover the value of a farm-wagon attached by a creditor of John A. Bunting, and which the plaintiff claimed to have been sold and delivered to her before the attachment. The instruction, numbered 15, referred to in the opinion of Mr. Justice Paterson, is the last instruction quoted in the opinion of the court rendered by Mr. Justice Sharpstein. Further facts are stated in the opinion of the court.

*Thomas C. Huxley,* and *J. C. Martin,* for Appellants.

*Moore & Reed,* and *F. B. Ogden,* for Respondent.

SHARPSTEIN, J.— This is a case in which the plaintiff's right to recover depends not only upon a transfer to her

of the property which, she alleges, was wrongfully and unlawfully taken from her possession and converted by the defendants to their own use, but likewise upon her *actual* possession of it at the time of such alleged taking and conversion. If the transfer was not accompanied by an immediate delivery, and followed by an actual and continued change of possession, it is conclusively presumed to be fraudulent, and therefore void as against the creditors of the vendor. (Civ. Code, sec. 3440.) "Actual" means existing in act, and truly and absolutely so; really acted or acting; carried out; opposed to *potential, possible, virtual, or theoretical.*

If there is no evidence of an actual change of possession of the property claimed to have been transferred by the plaintiff's vendor to her, then the verdict of the jury was not justified by the evidence, and the defendant's motion for a new trial should have been granted on that ground, and the order denying said motion must be reversed.

The plaintiff resides in the state of New York, and is not shown to have been ever in this state. Whatever right she had in the wagon in controversy she acquired from her son, John A. Bunting, who, at the time of and before the transfer of it to her, resided with his family upon a small farm in Alameda County, in this state. In the month of October, 1883, Fleda O. Bunting, wife of John A. Bunting, duly filed a declaration of homestead upon said farm. There is no evidence that said homestead has ever been abandoned. In December, 1883, John A. Bunting made a conveyance of said farm to his mother, plaintiff herein, but Fleda O. Bunting, his wife, did not join in the execution of said conveyance. There is evidence tending to prove that, after the execution of said conveyance, John A. Bunting ceased to carry on farming upon said farm, and spent most of his time elsewhere, occasionally returning to the farm, where his wife and children remained. There is also evidence tending

to prove that his wife and her father, one Overacker, were authorized by the plaintiff to act for her, as her agents, in regard to the interests acquired by her from the conveyance and transfer of property to her by her son, John A. Bunting. The deed of John A. Bunting purporting to convey to plaintiff the premises, upon which a homestead had been impressed, was wholly inoperative as a conveyance of such homestead, and did not constitute any evidence of a change of possession of the premises, either actual or constructive. "The possession by the plaintiff of the farm upon which the personal property was when it was purchased by her, provided it was an actual and exclusive possession, would be strong evidence of the like possession of such personal property." (*Cahoon* v. *Marshall*, 25 Cal. 197.)

"If the actual and exclusive possession of the farm by the plaintiff would be strong evidence of his like possession of the personal property, then the possession of the farm by the vendor, or the concurrent possession of it by the vendor and vendee, would at least tend very strongly to show that the plaintiff had not that actual possession of the personal property necessary to place it beyond the reach of the creditors of the vendor." (*Cahoon* v. *Marshall*, 25 Cal. 197.)

Aside from the deed of John A. Bunting to the plaintiff, which did not convey any right, title, or interest in the premises, the transaction, taking the view of it most favorable to the plaintiff, amounted to nothing more than an authority from him to her to take actual possession of the wagon, which she failed to do. Therefore the transfer is conclusively presumed to be fraudulent and void as against the defendants, who were creditors of the vendor while he remained in possession.

The language of section 3440 of the Civil Code is too plain to admit of construction. It means what the statutes of 13 and 27 Elizabeth were construed to mean in

*Edwards* v. *Harbin*, 3 Term Rep. 537, and in *Hamilton* v. *Russel*, 1 Cranch, 310.

We think the opinion of this court in *Engles* v. *Marshall*, 19 Cal. 320, quite as applicable to this case as to that. In that case the court said: "Upon examining the record in this case, we think the judge below did not err in instructing the jury that the facts showed no valid sale for want of such change of possession of the property in controversy as is required by the statate of frauds. The property seems to have remained, to all external appearances, in the same condition in which it was before the sale, with nothing to notify third persons of the sale or of the claims of the new owner. In *Stevens* v. *Irwin*, 15 Cal. 506, we said: 'Delivery must be made of the property; the vendee must take the *actual* possession; that possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee. It must be such as to give evidence to the world of the claims of the new owner. He must, in other words, be in the usual relation to the property which owners of goods occupy to their property. This possession must be continuous; not taken to be surrendered back again; not formal, but substantial. But it need not necessarily continue indefinitely, when it is *bona fide* and openly taken, and it is kept for such a length of time as to give general advertisement of the *status* of the property and the claim of it by the vendee.' An application of these principles to the evidence shows that the case of the plaintiff is within the statute of frauds."

One of the instructions given to the jury contains this clause: "If you think there is some evidence in favor of the plaintiff's side of the case, whether it be little or great, it is your duty to find in her favor." This was excepted to, and the exception must be sustained. In no conceivable case would such an instruction be proper.

The defendants requested the court to give the follow-

ing instructions, which the court refused to give, and defendants excepted to that ruling. They should have been given. The following are copies of them:—

"The possession which the law requires the vendee to have, after a transfer to him of personal property, is not sufficient if it amounts simply to constructive possession, or the mere possession which the law attaches to the ownership of the land. Therefore, if the personal property so sold is located on land to which the vendee obtains a title then or thereafter, the mere transfer of ownership to the land is not sufficient to constitute a change of possession of the personal property so sold. The possession of the personal property must be in some way so changed as to indicate by the change that the former owner no longer owns it.

"A conveyance of homestead property by the husband alone, if his wife be living, passes no title to the property so conveyed. The law requires both the husband and wife to unite in such conveyance. Even an innocent purchaser for value acquires no right whatever to a homestead so conveyed to him by the husband alone."

There are many more exceptions to rulings of the court which, in our opinion, did not affect the substantial rights of the parties, and we therefore disregard them.

There is, in this case, an appeal from the judgment as well as from the order denying the motion for a new trial. The appeal from the judgment was taken more than a year after its entry, and is therefore dismissed.

The order denying the motion for a new trial is reversed, and the cause remanded for a new trial.

BEATTY, C. J., McFARLAND, J., and Fox, J., concurred.

PATERSON, J., concurring.—I concur, but cannot say that the evidence was insufficient to warrant the jury in

finding that the sale was "accompanied by an immediate delivery, and followed by an actual and continued change of possession," within the meaning of the phrase as explained and illustrated in the decisions. I cannot see that any harm was done by the refusal to give instruction numbered 15. As to other matters, I concur in the opinion of Justice Sharpstein.