CUMMINGS *v.* CHEVRIER, (NO. 1.)

In order to entitle a surviving husband or wife to the whole common property, it must be affirmatively shown that there are no descendants of the deceased.

APPEAL from the Probate Court of the County of Siskiyou.

Letters of administration were granted by the Probate Court of Siskiyou county, on the estate of Victorine Massey, deceased, to the plaintiff, who was the public administrator of the county. The defendant, Eugene Chevrier, subsequently petitioned the Court to revoke the letters granted to plaintiff, and order the property of the deceased to be delivered to him as the surviving husband of the deceased, there being no debts against the estate, except the funeral expenses.   Chevrier did not allege, in his petition, nor was it shown to the Court, on the hearing thereof, that there were no descendants of the deceased.   The Court revoked the letters of plaintiff, and ordered that the property be delivered to the defendant as the surviving husband of the deceased.   Plaintiff appealed to this Court, and assigned as error :

" That the petition for the revocation of said letters was defective, in not showing affirmatively that there were no descendants of the deceased who would be entitled to a moiety of the estate."

*George W. Tyler* for Appellant.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

The Court below erred in entering the order appealed from, upon the allegations and proofs before it.

In order to entitle a surviving husband or wife to the whole common property, it must be affirmatively shown that there are no descendants of the deceased. (§ 10 of Law concerning Husband and Wife, Wood's Digest, 488.)

Judgment reversed, and cause remanded.

---

*Cummings v. Chevrier*, (No. 2.)—Reversed and remanded, for the reason stated in the opinion in Cummings *v.* Chevrier, (No. 1.)

TERRY, C. J.

We concur :

BALDWIN, J.,<br>FIELD, J.