Sharon *v.* Shaw.

WM. SHARON, Appellant, *v.* G. W. SHAW, Respondent.

When real estate is sold, and at the same time possession of the realty is delivered by the vendor to the vendee, a bill of sale from the same vendor to the same vendee is given for the personal property in and on the real estate sold, the possession of the personal property passes with the possession of the realty, and no removal or other delivery of the personal property is necessary than that arising from contract and the actual change of possession of the realty. But when the same bill of sale is also of other property not on the real estate sold, there must be other and actual delivery to pass the possession as against creditors.

The mere request made to a servant of the vendor who has the property in actual possession, to keep it for the vendee, without any removal or change in the situation of the property, is not an actual delivery or change of possession of the property.

APPEALED from the District Court of the Third Judicial District, Lyon County, Hon. W. HAYDON presiding.

The facts are stated in the Opinion.

*Crittenden & Sunderland*, for Appellant.

The verdict was against the weight of evidence. The proof was of a delivery which, although not made precisely at the time of delivery of bill of sale, was yet *immediate*, as that term is used in the statute. Upon what constitutes immediate delivery, see the following cases: *Chaffin* v. *Doub*, 14 Cal. 386; *Lay* v. *Neville*, 25 Cal. 552; *Goodschaux* v. *Mulford*, 26 Cal. 316.

A delivery to the plaintiff's agent was as effectual as to himself. (*Goodwin* v. *Garr*, 8 Cal. 617.)

The delivery of the keys of the rooms containing the goods, was a delivery of the goods. (2 Kent, 646 [marginal page, 501]; 2 Parsons on Contracts, 323–4; *Burton* v. *Goddard*, 3 Mason, 111; *Gibson* v. *Stephens*, 8 Howard, 384; *Stevens* v. *Irwin*, 15 Cal. 503; *Packard* v. *Dunsmore*, 11 Cushing, 282, also 12 Cushing, 29.)

Sharon owned the real estate, and it was therefore unnecessary to remove the personal property. (14 Cal. 124.)

The Court erred in refusing to instruct the jury in regard to the word *immediate*. And that a delay of six or seven hours between the delivery of the bill of sale, and of the articles sold, was not material. We refer to cases already cited, and more particularly to: *Walden* v. *Murdock*, 23 Cal. 553–4; 11 Pick. 352, and 18 Pick. 202.

*Williams & Bixler*, for Respondent.

Opinion by LEWIS, C. J., BEATTY, J., concurring.

This action was brought for the purpose of recovering possession of certain personal property from the defendant, who is the Sheriff of the County of Lyon, and who justifies under a writ of attachment issued out of the District Court of his county. The plaintiff claiming title from Tregloan, the person against whom the attachment was issued, introduced in evidence a bill of sale from him of

all the personal property now in controversy, dated October 31st, A.D. 1865, and also a deed bearing date June 1st, A.D. 1865, by which certain real estate (upon which a portion of the personal property was situated) was conveyed to the plaintiff.

It was also proven at the trial that a large portion of the personal property was kept in the cellar of the boarding-house, which, it appears, was not located on the premises conveyed by the deed of June 1st. This deed, though executed on the first of June, was not placed on record until the night of the thirty-first day of October, when the bill of sale was executed.

The plaintiff, Mr. Sharon, gives as a reason for this delay, that the deed was delivered to him with the understanding that at any time when he might consider the bank, for which he was acting, not entirely secure, the deed might be placed upon record. On the thirty-first day of October, the grantor, Mr. Tregloan, informed the plaintiff that he did not think he could discharge his indebtedness to the bank, and offered to surrender all his property in discharge of it; this offer was accepted, the bill of sale executed in compliance with this understanding, and the same evening the deed of the real estate was placed upon record. The deed conveyed the premises upon which the Swansea mill is located, together with the mill, batteries, engines, boilers, pans, and all other machinery belonging or appertaining thereto. It appears that there was a boarding-house owned and conducted by Tregloan in connection with this mill, but not located on the premises conveyed by the deed. Much of the personal property transferred by the bill of sale, was kept in the cellar of this boarding-house; the balance was kept on the premises conveyed by the deed.

On the morning after the execution of the bill of sale and the recordation of the deed, the plaintiff, by his agent, took possession of the premises. The agent also informed the persons who were employed at the boarding-house of the sale, and engaged them on behalf of the plaintiff to remain in his employ.

Tregloan delivered a bunch of keys to Johns, the plaintiff's agent, among which was the key to a building occupied as the office; but it appears that the key to the cellar of the boarding-house, where much of the property in question was kept, was not delivered with the others, it being in the possession of Mrs. Washburn,

who was employed to take charge of the cooking for the employés of the mill. Nothing was done towards taking possession of the personal property in the boarding-house cellar, except that Johns informed Mrs. Washburn of the sale, and requested her to remain as the employé of the plaintiff. On the morning of November 1st, after the delivery of possession of the premises, the Sheriff levied upon the personal property in question, a portion of which was in the office, some of it in the mill, and as before stated, much of it in the cellar of the boarding-house. Upon the trial, the defendant claimed that there had been no such delivery of the possession of the property as would transfer the title to the plaintiff, as against the creditors of Tregloan. The verdict and judgment were for the defendant. Plaintiff appeals. The principal question presented for consideration in this Court is, whether the delivery of the personal property by Tregloan to the plaintiff was sufficient to meet the requirements of the Statute of Frauds? Our conclusion is, that the delivery of that portion of the property transferred by the bill of sale which was in the mill and office or on the premises conveyed by the deed, fully met the requirements of the law. The bill of sale passed the right of possession, and the deed and the subsequent surrender of the possession of the real estate upon which the personal property was kept, was a complete delivery of the possession of that personal property. We are unable to see what further delivery or change of possession could have taken place. The plaintiff having received a conveyance of the real estate whereon all the personal property was needed for use, it would be a harsh construction of the law to hold that a complete delivery could not take place without a removal of it from the place where it had been kept by the vendor of the plaintiff. There was not only a transfer of the right of possession by means of the deed and bill of sale, but the plaintiff's vendor surrendered possession of everything about the premises, and delivered the keys to the agent of Mr. Sharon. Thus, the title and the possession were passed, and the deed which was placed upon record before the levy by the Sheriff imparted notice to the world that the premises upon which the personal property was kept, had been conveyed to the plaintiff. This, together with the actual possession of the premises by the plaintiff, would be sufficient to notify

third parties of the transfer.   There was not only the sale of the personal property and a delivery of the possession, but there were all the outward evidences of such sale which the circumstances of the case admitted of.  The conveyance and delivery of the possession of .the real estate and the recordation of the deed operated precisely the same as a removal of the personal property from the premises entirely.

In our opinion, it is a matter of no consequence in the decision of this question whether the deed from Tregloan to Sharon would in equity be considered a mortgage.   The deed is absolute on its face, and a delivery of possession of the real estate took place under it.   Whether that possession was obtained by virtue of a deed absolute, mortgage or lease, the result here must be the same.

As to the property kept in the cellar of the boarding-house, there seems· to have been no such delivery and change of possession as the law contemplates.   That portion of ·the property was not on the premises conveyed by the deed, and the key to the cellar where it was kept was not delivered with the others, but remained in the possession of the servant until it was taken from her by the Sheriff. The boarding-house not being included in the deed of conveyance, of course continued to be the property of Tregloan.   The servant which he had employed before the sale, continued in possession of the house and the personal property in the cellar.   There was no change, or apparent change of the possession of that portion of the personal property.   Everything remained the same after as before the sale, and the fact that that house had not been conveyed by the deed, would of itself raise the presumption that no change had taken place as to it, or the property in it.   As to that portion of the property, nothing was done towards a change of possession, except the notification of the servant who had charge of it, that it had been sold, and the employment of her in the same capacity by the plaintiff.

The authorities are uniform that that would not be such delivery and change of possession as is required by the law.   So it was held by this Court in the case of *Doake* v. *Brubaker* (1 Nevada, 218) and by the Supreme Court of California, in the case of *Hurlburd* v. *Bogardus* (10 Cal. 519).

The transcript does not purport to contain all the evidence ad-

duced at the trial, but from that which is presented it is shown affirmatively that there was not a sufficient delivery of that portion of the property which was in the boarding-house at the time of the levy by the Sheriff, to transfer the title to the plaintiff.

So far as the question of fraud in the conveyance and sale to the plaintiff is concerned, we find nothing in the record which would in any manner justify the jury in arriving at the conclusion that any existed.

The judgment must therefore be reversed, and a new trial granted.