SARAH A. STEELE, Respondent, v. DAVID V. BENHAM, as Sheriff, etc., Appellant.

To satisfy the provision of the statute (Chap. 279, Laws of 1833, as amended by chap. 501, Laws of 1873), declaring every chattel mortgage not accompanied by immediate delivery and " followed by an actual and continued change of possession " of the mortgaged property to be void unless the mortgage is filed, and that a mortgage so filed shall cease to be valid as against creditors after one year unless a copy be filed, etc., a. constructive or legal change of possession is insufficient; the possession by the mortgagee must be actual, open and public.

S., who was carrying on a manufacturing business on premises owned by him, executed to H. a mortgage on certain of his personal property used in the business. The mortgage was duly filed. S. remained in possession and continued to carry on the business. The mortgage was not refiled as required by the statute. In an action to recover for the alleged taking and conversion of the mortgaged property which had been levied upon by defendant under an execution against S., the testimony on the part of the plaintiff, who is the wife of S., was to the effect that the mortgage soon after its execution was for a valuable consideration assigned to her; that the business and property were *formally* turned over to her, she giving to S. a power of attorney authorizing him to carry it on for her and agreeing to pay him a stipulated sum for his services; that she went to the shop once or twice and gave some directions but took no personal charge of the business, and S. continued to carry on the business, having personal charge of and apparent actual possession of the property as before. *Held*, that there was no such possession in the plaintiff as the statute requires; and that therefore, the mortgage not having been refiled, ceased to be valid at the end of the year and the property was lawfully levied upon by defendant; and this although at the time of the levy the pay day named in the mortgage had passed.

*Steele* v. *Benham* [Mem.] (21 Hun, 411), reversed.

(Argued March 18, 1881; decided March 25, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made on the second Tuesday of June, 1880, which affirmed a judgment in favor of plaintiffs, entered upon a verdict, and affirmed an order denying a motion for a new trial. (Mem. of decision below, 21 Hun, 211.)

This action was brought to recover damages for the alleged taking and conversion of a quantity of personal property consisting of tools, machinery and other property used in the business of manufacturing agricultural implements, which property had been levied upon by defendant, under and by virtue of an execution against Linus G. Steele, plaintiff's husband.

The facts appear sufficiently in the opinion.

*E. W. Gardner* for appellant. As matter of law, the Steele mortgage was rendered fraudulent and void by the agreement between the mortgagor and mortgagee, allowing the latter to go on and sell the property mortgaged, make it up into agricultural implements, and use and enjoy the proceeds for his own purposes. (*Southard* v. *Pinckney,* 72 N. Y. 424; *Edgell* v. *Hart,* 9 id. 213, 216; *Yates* v. *Olmsted,* 56 id. 632; *Russell* v. *Winne,* 37 id. 593; *Chatham Nat. B'k* v. *O'Brien,* 6 Hun, 231; *Ford & Rockwood* v. *Williams,* 13 N. Y. 577; *Griswold* v. *Sheldon,* 4 id. 581; *Dutcher* v. *Swartwood,* 15 Hun, 31; *Wood* v. *Lowry & D.,* 17 Wend. 492; *Benedict & O.* v. *Smith,* 10 Paige, 126.) The original mortgage never having been refiled it ceased to be valid as against the creditors of the mortgagor one year from the date of filing. (3 R. S. [6th ed.] p. 144, § 12, marg. p. 136.) To avoid the effect of a failure to file a copy of the chattel mortgage there should be an actual change of possession, not a constructive possession, nor a paper change, nor a symbolical change. (*Topping* v. *Lynder,* 2 Rob. 488; *Porter* v. *Parmele,* 52 N. Y. 185, 189; *Bullis* v. *Montgomery,* 50 id. 352; *Fitch* v. *Humphrey,* 1 Denio, 163; *Hale* v. *Sweet,* 40 N. Y. 97, 101; *Crandall* v. *Brown,* 18 Hun, 463; *Ely* v. *Comley,* 19 N. Y. 496; *Camp* v. *Camp,* 2 Hill, 628; *Hanford* v.

*Archer*, 4 Hill, 173, 297; *Otis* v. *Sill*, 8 Barb. 102, 109, 110; *Benedict* v. *Smith*, 10 Paige, 126; *Thompson* v. *Van Vecten*, 27 N.Y. 568; *Wood* v. *Lowry*, 17 Wend. 492.)

*Henry N. Field* for respondent. It is now well settled that the legal effect of a chattel mortgage is to vest in the mortgagee the entire legal title to the property mortgaged, subject only to be defeated by the performance of the condition by the mortgagor. (Thomas on Mortgages, p. 442; *Mattison* v. *Baucus*, 1 Comst. 295; *Bragelman* v. *Dane*, 69 N. Y. 69; *Butler* v. *Miller*, 1 Comst. 496; *Hill* v. *Beebe*, 3 Kern. 565.) Under the "danger clause," in this mortgage, the mortgagee had an absolute and legal right to take possession of the property at any time he deemed himself unsafe, and for his own interest, and thus bar the equity of redemption even before the debt became due. (*Smith* v. *Post*, 1 Hun, 516; *Huggans* v. *Fryer*, 1 Lans. 276; *Chadwick* v. *Lamb*, 29 Barb. 518; *Hill* v. *Beebe*, 1 Kern. 565; *Peck* v. *Milk*, 20 Barb. 616; *Nelson* v. *Drake*, 14 Hun, 465.) By the breach in the condition of the mortgage, the legal title to the property in question became absolute in the mortgagee, and the mortgagor thenceforth can claim no legal rights thereto. (*Sickles* v. *Mead*, 2 Lans. 222; *Lewis* v. *Palmers*, 28 N. Y. 271; *Hall* v. *Sampson*, 35 id. 274; *Judson* v. *Easton*, 58 id. 664; *Campbell* v. *Berch*, 60 id. 214.) The plaintiff, under the assignment given to her by the mortgagee, possessed every right which the mortgagee had. (*Campbell* v. *Berch*, 60 N. Y. 214; *Nelson* v. *Drake*, 14 Hun, 465; *Rich* v. *Milk*, 20 Barb. 616; *Alexander* v. *Hard*, 64 N. Y. 228.) At the time the levy was made the judgment debtor had no interest in the property in question, and the sheriff was a trespasser. (*Campbell* v. *Grant*, 39 Barb. 606; *Judson* v. *Easton*, 58 N. Y. 664; *Butler* v. *Miller*, 1 Comst. 496; *Powell* v. *Preston*, 1 Hun, 513; *Galen* v. *Brown*, 22 N. Y. 37.) The respondent having taken possession of the property by virtue of the mortgage, the debt was extinguished, and she lost nothing by omitting to refile the mortgage. A refiling is only necessary when the debt, or

some part thereof, remains unpaid. (*Levin* v. *Russell*, 42 N. Y. 251; *Otis* v. *Sill*, 8 Barb. 102; *Ely* v. *Canly, Sheriff, etc.*, 19 N. Y. 496; *Porter* v. *Parmely*, 52 id. 185.)    Even if mortgagee had consented to have some of the machines sold after the execution of the mortgage, this would not make the mortgage void.   It would do no more than discharge the lien on the goods actually sold. (*Yates* v. *Olmstead*, 56 N. Y. 632; *Conklin* v. *Skelly*, 28 id. 360.)

EARL, J. The defendant, by virtue of an execution issued to him upon a judgment against Linus G. Steele, the husband of the plaintiff, seized and sold certain personal property which she claimed belonged to her, by virtue of a chattel mortgage executed by her husband to Henry M. Steele, and by him assigned to her; and this action is to recover for the conversion of such property.

On and prior to January 25, 1877, Linus G. Steele was carrying on a manufacturing business upon premises owned by him, and in that business he owned, possessed and used certain personal property.   On the day last named, being indebted to Henry M. Steele, he executed to him a mortgage upon such property, to secure the payment to him of the sum of $1,222.49, in one year from the date of the mortgage.   The mortgage was filed in the town clerk's office on the same day.   The mortgagor remained in possession of the property and continued to carry on his business as before.   On the 1st day of September thereafter the mortgagee, for value received, assigned the mortgage to the plaintiff, and she claims that soon after she took possession of the property under the " danger clause " contained in the mortgage, and she executed and delivered to her husband a power of attorney authorizing him to carry on the business for her, in which she agreed to pay him $50 per month for his services.   He continued to carry on the business and apparently remained in actual possession of the property as before down to the time of the levy upon the property.   He had the personal charge of the property, using it and dealing in it and managing it.   At the end of the year

the mortgage was not refiled as required by the statute, and the defendant seized the property, by virtue of the execution held by him, after the expiration of the year, about January 30, 1878.

It is provided in the statute (Laws of 1833, chap. 279, as amended by chap. 501 of the Laws of 1873), that every chattel mortgage " which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed," etc., and that a mortgage so filed shall cease to be valid as against the same persons after the expiration of one year from the filing thereof, unless a true copy thereof be filed as required in the act.

Here, as a copy of the mortgage was not filed, and the levy upon the property was after the expiration of the year, the plaintiff must show that there had been an actual change of possession, and that she was in the actual possession of the property at the time the levy was made.

To satisfy the statute the possession must be actual, not merely constructive or legal. In *Topping* v. *Lynch* (2 Robertson, 484), it was said that the words " actual and continued change of possession " in this statute " mean an open public change of possession, which is to continue and be manifested continually by outward and visible signs, such as render it evident that the possession of the judgment debtor has ceased." In *Crandall* v. *Brown* (18 Hun, 461), it was said that " constructive possession cannot be taken under a chattel mortgage;" that " possession must be taken in fact," and that " possession cannot be taken by words and inspection." The case of *Hale* v. *Sweet* (40 N. Y. 97) shows how literally the courts construe this statute as to the actual change of possession. In that case the mortgagee sued the sheriff for seizing a canal-boat under an execution against the mortgagor, and the trial judge directed a verdict for the defendant. It was proved upon the trial that the plaintiff (the mortgagee)

built the boat; that he sold one-half to Jones (the judgment-debtor) and took a mortgage thereon to secure a portion of the purchase-money ; that it was agreed between the plaintiff and Jones that the boat should be run on their joint account, each to furnish half of the team, and that Jones should act as master. This agreement had not been terminated at the time of issuing the execution by the plaintiff. The boat was run by Jones, pursuant to the agreement, until the 7th of October, about three weeks before the issuing of the execution, when, as one Hatch testified, the plaintiff employed him to take charge of the boat and run it; that upon that day he went on board, and thereafter run the boat as captain and controlled her until the close of navigation. He further testified that Jones collected the freight earned after he went on board, discharged hands from the boat, and that the clearances of the boat continued to be taken in the name of Jones as captain. It was held that this evidence, taken as a whole, failed to show that the plaintiff had taken possession of the boat to the exclusion of Jones, and that the judge properly directed a verdict for the defendant. In *Camp* v. *Camp* (2 Hill, 628), the mortgagor testified that when the mortgage was executed he made a formal delivery of the property to the mortgagee, going around with him and pointing out the several articles ; that the mortgagee then requested him to take charge of the property at a stipulated compensation and manage it as agent ; that he immediately took charge of it accordingly, and had not since possessed it except as agent of the mortgagee. It appeared that the property had not been removed from where it was when the mortgage was given, but had ever since remained in the mortgagor's charge. The circuit judge held that these circumstances could be deemed to constitute " an immediate delivery " and " an actual and continued change of possession," within the meaning of the statute; and upon review this was held error and a new trial was granted, the court saying : " Actual change of possession imports at least something more than a mere legal or fictitious change, to be worked by the operation of the mortgage itself. Upon any other construction the statute means nothing. Nor

can parties agree that the mortgagor shall continue in actual possession, and call this the possession of the mortgagee." In *Otis* v. *Sill* (8 Barb. 102), Judge PAIGE said : " It has been repeatedly decided that if an assignee or mortgagee leaves goods assigned or mortgaged in the possession of the assignor or mortgagor as his agent, this is not an actual change of possession, within the meaning of the fifth section of the statute of frauds." See, also, *Hanford* v. *Artcher,* 4 Hill, 271.

Here the possession of the plaintiff fell far short of being actual, within the purview of these authorities. It is true that the plaintiff testified in a general way that she took possession of the property, and that she was in possession ; but such general evidence has no weight when the facts are proved showing precisely what was done. (*Miller* v. *Long Island R. R. Co.,* 71 N. Y. 380.) All she did was to appoint the mortgagor her agent ; to go to the shops where the property was once or twice ; and to give some instructions about the business. She testified that she took no personal charge of the business only as she appointed her husband her agent, and that is " what she meant by taking possession." It matters not that her husband carried on the business as her agent. He had the actual possession and control of the property at all times. Her possession was merely constructive or legal, and such a possession does not answer the requirement of the statute. That under such circumstances the mortgage was absolutely void as to the judgment creditors of the mortgagor, and that the property could be taken and sold by virtue of executions against him, even after the pay day named in the mortgage had passed, there can be no doubt. (*Ely* v. *Carnley,* 19 N. Y. 496; *Porter* v. *Parmley,* 52 id. 185.)

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

All concur, except RAPALLO, J., absent.

Judgment reversed.