## BANK OF BLACK ROCK *v.* DECKER.

### Opinion delivered January 29, 1898.

MORTGAGE—POSSESSION—NOTICE.—A mortgagee of a pile of lumber who takes possession of it merely by walking around it, and leaves it in the mortgagor's lumber yard, without placing on it any notice or mark to indicate his ownership, has no such possession as will supply the place of record notice to purchasers from the mortgagor. (Page 36.)

Appeal from Independence Circuit Court.

RICHARD H. POWELL, Judge.

#### STATEMENT BY THE COURT.

Action by Bank of Black Rock against George W. Decker for conversion of 100,000 feet of lumber. The facts briefly stated are as follows: The Heckert Lumber Company, a firm composed of Charles and John Heckert, were engaged in the business of sawing, manufacturing and shipping lumber at Black Rock, Arkansas. The bank agreed to loan, and did loan, this company certain sums of money. To secure payment of these sums of money, the company executed to the bank the

following instrument of writing, to-wit: "This agreement, made and entered into by and between the Heckart Lumber Co. and the Bank of Black Rock, witnesseth: That whereas, the Bank of Black Rock has this day agreed to advance to the Heckart Lumber Co. $7.50 per thousand feet on 100,000 feet of flooring strips, to be sawed and piled in the mill yard of Heckart Lumber Co.'s mill in Black Rock, Arkansas, on or before the 15th day of February, 1893, in consideration of which advancement, we, the Heckart Lumber Co., do hereby sell and deliver to the Bank of Black Rock said 100,000 feet of flooring strips, and we hereby authorize the said bank to sell, at private or public sale without notice, said flooring strips, if at maturity the notes given for this money advanced on said flooring strips remain unpaid. In witness whereof we have hereunto set our hands, this 21st day of January, 1893. [Signed] Heckart Lumber Co., per John Heckart."

This writing was acknowledged before Jay J. Bryan, notary public. It was filed for record December 3, 1893, and recorded December 30, 1893.

After this instrument was executed, but before it was recorded or filed for record, the lumber company sold and delivered the property in controversy to the defendant, Decker, who disposed of it for his own use and benefit. The other facts appear in the opinion. There was a verdict and judgment in favor of defendant, Decker, from which the bank appealed.

*John K. Gibson* and *Phillips & Campbell*, for appellant.

The admission, as evidence, of the contract and bill of sale dated November 5, 1892, was prejudicial error. The burden of proof is on the one alleging that a bill of sale, absolute on its face, is, in fact, a mortgage. It was error for the court to refuse so to instruct the jury. 19 Ark. 278. Delivery by the vendor, in a conditional bill of sale, to the vendee of the property therein described gives such vendee a good title, although the instrument was not acknowledged or recorded. Possession by the vendor of the property after such a sale does not invalidate the sale. 52 Ark. 385. If an article described in a bill of sale is too bulky for manual delivery, the title and property therein will pass without any further delivery than

such bill of sale.   60 Ark. 615; 31 Ark. 163.   Defendant had
no lien under the contract sued on, because it was neither ac-
knowledged or recorded.   It was error to give the second, third
and fourth instructions for appellee.   It was error for the court
to instruct the jury that the delivery of possession must be of
such a character as to put third parties upon notice of the
change of control.   7 Ark. 197; Jones, Chatt. Mort. §§ 182–
187; 7 Ark. 269; 17 N. H. 286; 19 Ark. 597; 30 Wis. 81;
60 Ark. 615; 2 N. Y. C. L. Rep. 896; 8 Ark. 213; 62 Ark.
592; 35 Ark. 304.   The evidence is not sufficient to sustain
the verdict.

*Charles Coffin* and *Jos. M. Stayton*, for appellee.

Appellant did not object to the introduction into evidence
of the contract of November 5, 1892, and it is now too late.
23 Ark. 131.   It was within the discretion of the court to
allow this and also the introduction of the bill of sale of the
same date.   38 Ark. 498; 40 Ark. 511.   It was the duty of
the court to declare the character of the instrument.   The court
properly refused the second instruction asked by appellant, be-
cause there was no delivery, and also because defendant had a
lien by virtue of his contract before mentioned. ˙ If the vendee
of property permits his vendor to use and sell the property
after his purchase of it, an innocent purchaser from such ven-
dor is protected.   The acknowledgment to the bill of sale is
void because taken by one who was a stockholder, director and
the cashier of the appellant bank.   54 Miss. 361; 53 *ib*. 331;
20 Me. 413; 13 Mich. 329; 2 Sand. Ch. 630; 1 Devlin, Deeds,
§ 476, p. 470; Martindale, Conveyancing, § 256, p. 215; 54
N. W. 435; 61 Ill. 307; Jones, Chatt. Mort. § 249; 20 S. W.
142; 43 Ark. 420.   The bill of sale was intended as a mort-
gage, and was void as to appellee, because of this defective ac-
knowledgment.   Appellant is estopped to claim under the
mortgage, because they concealed the transaction from appellee.

*John K. Gibson* and *Phillips & Campbell*, for appellant, in
reply.

The motion for certiorari should be quashed.   33 Ark.
117; 54 Ark. 373; 53 Ark. 250; 33 Ark. 830; 38 Ark. 568;

36 Ark. 592.    The officer who took the acknowledgment was
not a party to the instrument.    The party to the instrument
was not the individual stockholder, but the corporation.    4
Ark. 304.    An agent for one of the parties to an instrument
may take an acknowledgment.    56 Ark. 484; 46 Ark. 302.
Even if the acknowledgement is defective, it is cured by the
act of February 27, 1893.    Acts 1893, p. 66; 43 Ark. 420.

RIDDICK, J., (after stating the facts.)    This is an action
brought by the Bank of Black Rock against George W. Decker,
in which the bank alleged that he had converted to his own
use certain lumber owned by it.    The lumber in question was
at one time the property of the Heckart Lumber Company, a
partnership firm, engaged in manufacturing and selling lumber
at Black Rock, Arkansas.    This firm borrowed money from the
bank, and, in order to secure payment of the same, the firm, on
the 21st of January, 1893, executed to the bank what the
cashier of the bank terms a bill of sale for the lumber.    The
instrument in question is set out in the statement of facts, and
we think that, in legal effect, it was only a mortgage.

A month or two after the execution of the mortgage to
the bank, the lumber company sold this lumber to the appellee,
Decker, and it was shipped in his name, and disposed of by
him.    The right of the bank to recover in this action rests
upon the mortgage executed to it by the lumber company.
This mortgage was not filed for record until in December, 1893,
long after the lumber had been sold to Decker, and disposed of
by him.    The bank, to obviate the necessity of record notice to
Decker, undertook to show that the lumber had been delivered
to it before the sale to Decker, and was in its possession
at the time Decker removed it.    There is no conflict in
the evidence on this point.    The lumber was stacked in square
piles upon the yard of the lumber company near other piles of
lumber owned by the company.    The cashier of the bank
and John Heckart, a member of the lumber company, went
to the lumber, and Heckart formally delivered possession of
the lumber, and the cashier "took possession by walking around
it." "I did not," he said, "scale it, or place any marks or notice
on it to indicate our ownership, nor do anything but walk

around it." After this constructive delivery of the lumber, the bank exercised no further control over it. It was permitted to remain upon the yards of the company for several months, without notice or mark of any kind to indicate or show the claim of the bank, and apparently, if not actually, in the control and ownership of the lumber company. Afterwards it was sold by the lumber company to Decker, or shipped by them in his name, and the proceeds paid to him. Under these circumstances, we are of the opinion that the bank did not have such possession of the lumber as to supply the place of record notice to third parties. The bank should either have recorded its mortgage, and thus given notice of its lien, or it should have taken and retained actual possession of the lumber, in order that subsequent purchasers might not be misled. This was not done. As actual possession of the lumber was not taken and retained by the bank, the constructive delivery and possession taken by walking around the pile of lumber amounted to nothing, so far as the rights of subsequent purchasers were concerned. *Steele* v. *Benham*, 84 N. Y. 634; *Anderson* v. *Brenneman*, 44 Mich. 198; Jones, Chattel Mort. (4 Ed.), §§ 186, 187, and cases cited.

As the bank did not have possession of the lumber, and as its mortgage was not recorded until after the transfer to Decker, the mortgage did not affect him. The mortgage, as to him, was no lien upon the property, and the transfer of the lumber to him cut off all rights of the bank in such lumber. *Dodd* v. *Parker*, 40 Ark. 536; *Martin* v. *Ogden*, 41 *id.* 186.

Counsel for appellant have presented to us several interesting questions concerning the rulings of the presiding judge upon the trial in the circuit court, but it is not material to discuss or decide those questions. It is not denied that Decker purchased the lumber from the lumber company, and paid for it. He testified that he knew nothing of the bank's claim to the lumber until after his purchase. The undisputed facts, as we see them, show that, as against Decker, the bank had no lien, and no right of action. The circuit judge would have been justified in directing a verdict for him, and the judgment in his favor seems clearly in accordance with the law and evidence, and must be affirmed.