(28 Misc. Rep. 544.)

### WATSON v. DEALY et al.

(Supreme Court, Appellate Term.  July 26, 1899.)

CHATTEL MORTGAGE—CHANGE OF POSSESSION.

> Where a landlady gives a mortgage on the furniture in the house to a boarder, and the boarder remarks, "I am in possession, and you may live here," and takes the keys, but the landlady continues to run the boarding house and use the furniture, the tenant fails to show "actual and continued change of possession," required under Laws 1897, c. 418, § 90, the mortgage not being recorded.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Charles A. Watson, receiver of Mary S. Hewsey, against D. Edmond Dealy and Anna R. Hoefgen. From a judgment in favor of plaintiff, defendant Hoefgen appeals. Affirmed.

For former opinion, see 55 N. Y. Supp. 563.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edmund W. Powers, for appellant.

Robert J. Mahon, for respondent.

MacLEAN, J. The plaintiff, as receiver of the property of one Mary S. Hewsey, a judgment debtor, brought this action to recover possession of certain chattels or household furniture of said judgment debtor, but to which the defendant made claim by virtue of a chattel mortgage executed in her favor by said debtor, and by change of possession of the property mortgaged. It appears by the record in this case that the plaintiff was by an order of the city court appointed receiver on the 19th day of May, 1898, and that the chattel mortgage in favor of the defendant, though executed on the 14th day of February, 1898, was not recorded until after the 21st of May, and so was, by section 90, c. 418, Laws 1897, void, as against creditors, unless accompanied by immediate delivery, and followed by an actual change of possession. To establish her claim, the defendant introduced in evidence a writing as of the date of the execution of the mortgage, and which she testified was signed and delivered therewith by the mortgagor, in which writing the mortgagor recited, among other things, that she therewith turned over and delivered to Anna Hoefgen all of said furniture, and consented that the sum named in the mortgage, but for which no date of payment had been given, should become due and payable on demand, and that the said Hoefgen should take and hold the mortgaged furniture under the said mortgage. The defendant also testified that this paper was delivered to her in the office where it was drawn up, and that upon their return to the house, of which Miss Hewsey was the landlady, and the defendant apparently the chief boarder, she said to Miss Hewsey: "This is all mine now. I am in possession, and you may live here,"—and took the keys of the house. But upon her cross-examination the defendant admitted that Miss Hewsey was using the furniture all the time after February 14th, and ran the boarding house there. Upon her own testimony, then, she failed to

show "actual and continued change of possession." Vide Steele v. Benham, 84 N. Y. '634. The judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur.

---

FREEDMAN, P. J. (concurring). Section 90 of chapter 418 of the Laws of 1897, so far as it applies to the case at bar, is a re-enactment of section 1 of chapter 279 of the Laws of 1833. It was held in Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, that whenever, under the provisions of the section last mentioned, a chattel mortgage is void as against creditors, it is void from the beginning, and continues void at all times, that in such a case the same principle is applicable and enforceable which applies and has been enforced in the case of a mortgage executed for the purpose of defrauding creditors, and that consequently the mortgagee cannot, as against a receiver appointed in proceedings supplemental to execution, acquire title to the mortgaged property by taking possession and selling the same under the mortgage, and bidding it off on the sale; and this, although the mortgage was given in good faith to secure an actual indebtedness. The principle of that case is sufficient to authorize the maintenance of the action as brought in the case at bar. That the mortgage in suit is void as against the plaintiff, as receiver, has been sufficiently shown by Mr. Justice MacLEAN. For the foregoing reasons, I concur with him that the judgment must be affirmed, with costs.