**CLARK et al. v. PORTER.**

No. 27203.　June 1, 1937.

Keagy & Williams, for plaintiffs in error.

Grant Gillespie, for defendant in error.

PER CURIAM. Defendant obtained a judgment in the justice of the peace court of Morris, Okmulgee county, Okla., against Frank Hilliard and proceeded to attempt to levy upon a stock of goods in Morris in a location known as the Farmers Trading Company. Plaintiff enjoined the execution on the ground that he was the owner of such property and the trial court sustained such injunction.

We are of the opinion that the cause must be reversed, with directions to set aside the judgment for the plaintiff and enter judgment for the defendant on the following authorities: Second National Bank v. Gilbert, 174 Ill. 485, 51 N. E. 584, 66 Am. St. Rep. 306; Sharon v. Shaw, 2 Nev. 289, 90 Am. Dec. 546; Ellet-Kendall Shoe Co. v. Ross, 28 Okla. 697, 115 P. 892; Williamson-Halsell-Frazier Co. v. King, 58 Okla. 120, 158 P. 1142. In Williamson-Halsell-Frazier Co. v. King, supra, the court announced the rule that the transfer of personal property must be accompanied by an actual and continued change of possession, open, notorious, and unequivocal. It further stated that notice or knowledge of the transfer of the property will not prevent a creditor from exercising his right either by attachment or execution.

Plaintiff bought the stock of merchandise from Frank Hilliard, who had up to August, 1933, been operating the Farmers Trading Company in Morris, Okla. At the date of purchase the stock invoiced at about $125. Plaintiff testified that he paid an $80 indebtedness and gave Hilliard $45 in cash. Plaintiff did not attempt to comply with the bulk sales law, and that question is not involved in this case. He moved the stock to a place two locations from its former place and increased the stock until at the time of the attempted levy of execution, September, 1935, the stock approximated the value of $1,100. At all times Frank Hilliard was in the possession of the stock as manager for the plaintiff. It is claimed that the defendant knew in the spring of 1935, as shown by a visit to the sheriff's office, that the plaintiff owned the stock. Also that he caused to be issued a garnishment in the justice of the peace court in an

action against Hilliard. All of these facts might prove a knowledge of ownership. They do not constitute evidence of a change in possession required by the statute. Several witnesses were permitted to testify that they did or did not know that the plaintiff owned the store. This evidence goes purely to the question of knowledge. A knowledge of ownership is not evidence of a change of possession. Ellet-Kendall Shoe Co. v. Ross, supra; Williamson-Halsell-Frazier Co. v. King, supra. The statute does not provide that there must be a change of ownership. There must be a change of ownership or there is no transfer even between the parties. The statute requires a change of possession. We are of the opinion, and hold, that there is no competent evidence of a change of possession at the time of the transfer or any time thereafter as contemplated by section 10008, O. S. 1931.

The cause is reversed and remanded, with directions to vacate the judgment for the plaintiff and enter judgment for the defendant.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, BUSBY, and WELCH, JJ., absent.