ANDERSON v. COURTNEY et al.

No. 33722.   May 9, 1950.

*218 P. 2d 361.*

S. J. Clendinning, of Tulsa, for plaintiff in error.

A. C. Saunders, of Tulsa (H. M. Crowe, Jr., of Tulsa, of counsel), for defendants in error.

O'NEAL, J. This is an appeal from an order of the district court of Tulsa county denying plaintiff in error, plaintiff below, a temporary injunction. Plaintiff, T. J. Anderson, commenced this action in the district court of Tulsa county April 10, 1948, against R. T. Courtney, Universal Supply & Machinery Company, a corporation, and J. R. Horrigan Construction Company, a corporation. The Sugar Bowl Dehydrating Company, a corporation, was later made a party defendant. In his petition plaintiff alleged that on or about December 21, 1946, he purchased from the defendant Universal Supply & Machinery Company and defendant R. T. Courtney one 100,000 gallon steel water tank and water tower, formerly owned by the city of Mounds, Oklahoma, located approximately one mile south and a little east of the city of Mounds, Oklahoma, for the sum of $1,100, $200 of which was paid in cash at the time of said purchase to said R. T.

Courtney and Universal Supply & Machinery Company. This payment was represented by a receipt dated December 21, 1946, signed by Universal Supply & Machinery Company and R. T. Courtney; that it was understood and agreed by said parties that plaintiff was waiting on a bond issue in order to resell the tank in question, and to do that would require several months, the exact length of time being unknown; that upon the vote in the bond issue plaintiff would pay the remaining $900 due and owing on said tank. In the petition plaintiff tendered to Universal Supply & Machinery Company and R. T. Courtney the balance due on said tank in the sum of $900. He further alleged that he at all times has been ready and willing to pay the $900 upon demand by said defendants. Petition further alleged:

". . . that on December 21, 1946 the said tank and tower, above described, were delivered to this plaintiff. That this plaintiff immediately employed workmen to go to Mounds, Oklahoma, and made certain inspections and did certain work on said tank and tower and that since said date he has exercised dominion over said property as his own in attempting to sell the same to third parties."

He then alleged that he had been informed by defendant Courtney that he (Courtney) had sold the tank to defendant J. R. Horrigan Construction Company, and that J. R. Horrigan Construction Company was attempting to dismantle the tank and tower. The petition then further alleged:

"Plaintiff further alleges that he has for many years been engaged in Oklahoma and adjoining states in the business of purchasing and selling steel in position such as the tank and tower here above described and has built up good will in carrying on the said business and has built up a good reputation in being able to deliver on contracts of sale made by him with towns, cities, municipalities and other branches of the various governments of the State of Oklahoma and the adjoining states; that he has sold said tank and

tower to one of his customers and the customer is at this time demanding delivery of the said tank and unless the defendants, their agents, servants and employees are forthwith and without notice enjoined and restrained from doing and continuing to do the said unlawful acts, namely, dismantling the tank and tower and attempting to deliver the same beyond the jurisdiction of this court and the boundaries of the State of Oklahoma, this plaintiff will suffer irreparable damage and injury."

Prayer was for judgment, for the immediate possession of the tank and tower, and a temporary restraining order restraining defendants from moving or disposing of said tank in any manner whatsoever until the matter could be heard, and for damage in the event said tank is not delivered to plaintiff immediately, in a sum of $10,000.

A temporary restraining order was issued and summons served on defendant Horrigan Construction Company. On special appearance and motion by Horrigan Construction Company, service of the summons and restraining order was quashed. Alias summons was later issued and properly served on Horrigan Construction Company. Thereafter application for temporary injunction was set for hearing and continued from time to time until May 27, 1948, at which time all the parties were present and hearing was had resulting in an order denying the temporary injunction, and plaintiff appeals.

There are six assignments of error, but the contention is that the order denying the temporary injunction is contrary to the evidence and contrary to law.

The evidence, including the stipulation of the parties, shows beyond question that defendant Universal Supply & Machinery Company is a corporation, and that defendant, R. T. Courtney, is a principal stockholder and the president and general manager of said corporation; that the water tank and tower here involved was formerly the property of the city, or town, of Mounds,

Oklahoma, and was located outside the corporate limits on or near a cemetery. The evidence is not clear whether the cemetery was owned by the city, or town, of Mounds, or was a private cemetery. By the evidence, and it is conceded, that on or about December 21, 1946, said defendant Universal Supply & Machinery Company was the owner of said tank and tower. The uncontradicted evidence is that on December 21, 1946, defendant Universal Supply & Machinery Company, by and through R. T. Courtney, sold said tank and tower to plaintiff, T. F. Anderson. Plaintiff so testified. Defendant R. T. Courtney was a witness and also testified that he sold the tank and tower to plaintiff for $1,100 and that plaintiff at the time paid $200 on the purchase price and was to pay the balance in 30 or 60 days; that he issued a receipt for said $200 payment. Plaintiff introduced a receipt in evidence, which is as follows:

::No. . . . .        Tulsa Ok. Dec 21 1946
"Received of Tom J. Anderson Two Hundred no/100 Dollars to apply on purchase price of one tank and tower. Balance $900.00.
"Universal Supply & Machinery Co.
$200.00                    R. T. Courtney"

The stipulation of the parties and the uncontradicted evidence also shows that on or about March 8, 1948, defendant R. T. Courtney sold said water tank and tower to defendant J. R. Horrigan Construction Company for the sum of $1,750; that about two weeks thereafter the defendant J. R. Horrigan Construction Company commenced operations to dismantle said tank and tower and had expended about $2,000 in that operation when this action was commenced. J. R. Horrigan Construction Company had no knowledge or notice of the prior sale of said property to plaintiff.

The only question involved is whether there was a delivery of the property involved to the plaintiff, T. J. Anderson, when he purchased same on December 21, 1946, followed by an actual and continuous change of possession of the property as provided by 24 O. S.

1941 §6, so as to constitute a valid transfer as against subsequent purchaser in good faith.

Plaintiff testified that within a week or ten days after he purchased the tank and tower he took four or five men to inspect the tower and see what it was like inside; that a man got hung in there and plaintiff had to get the whole town to go out and help get him out; that thereafter plaintiff carried several delegations to the tank with a view to selling same. Among these was a committee from the Chamber of Commerce of Bixby; that he had a bid on it from Jay; that altogether he had people down to look at the property some five or six times; that the last of these was in March, 1948, when he sold or contracted to sell the tank to the town of Sarcoxie, Missouri. Plaintiff admitted that he never did anything toward taking the tank down and never put any sign or anything on the property to indicate that he was the owner. He never put a fence around the tank and tower and had never asked permission from the town of Mounds to remove the tank. There is nothing, however, tending to prove or indicate that defendant J. R. Horrigan Construction Company had notice or knew anything whatever about the claim of ownership by plaintiff, or the sale of the tank and tower to him. Plaintiff asserts that if his contract was not in violation of the statute of frauds, then it was a valid and binding contract. In that connection plaintiff cites 15 O. S. 1941 §136, and relies upon the first part and subdivision 4 of said section. Said section 136 and the part of subdivision 4 thereof relied upon is:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: . . .

"4. An agreement for the sale of goods, chattels, or things in action, at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels, or the evidence or some of them, of such things

in action, or pay at the same time some part of the purchase money; . . ."

That section, and the authorities cited in connection therewith, have no application here. There is no question whatever in this case but that plaintiff had a valid and binding contract of purchase as between himself and the Universal Supply & Machinery Company and R. T. Courtney. Leonard v. Davis, 66 U.S. 476, 17 L. Ed. 222; Holbird v. Harris, 197 Okla. 646, 174 P. 2d 262.

The question is not whether plaintiff acquired title to the property as against the defendant Universal Supply & Machinery Company and R. T. Courtney, but is whether defendant J. R. Horrigan Construction Company was protected, as a purchaser in good faith, under 24 O. S. 1941 §6, supra, which provides:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against . . . purchasers or incumbrancers in good faith subsequent to the transfer."

The facts in the instant case, insofar as the question of transfer of possession to plaintiff and continual retention thereof in him is concerned, is very similar to the facts in Bank of Black Rock v. Decker, 65 Ark. 33, 44 S. W. 220.

There the Bank of Black Rock was asserting its claim against Decker under a chattel mortgage which had not been recorded. It was claimed that the Bank was in possession of the property, which consisted of a number of stacks of lumber in the yard of the mortgagor, at the time Decker purchased same from the mortgagor. The lumber was stacked in square piles upon the yard of the mortgagor near other piles of lumber owned by the mortgagor. The evidence was that the cashier of the Bank and John Hecker, a member of the lumber company (mortgagor), went to the lumber yard and Hecker formally delivered possession of the lumber, and the Cashier " 'took possession by walking around it' ". He did not scale it or place any marks or notice on it to indicate ownership, nor do anything but walk around it. The lumber was permitted to remain upon the yard of the company for several months without notice or marks of any kind to show or indicate the claim of the bank, and apparently, if not actually, in the control and ownership of the lumber company. With that condition existing the lumber was later sold by the mortgagor to Decker. As to the effect of the transaction, the court said:

"Under these circumstances, we are of the opinion that the bank did not have such possession of the lumber as to supply the place of record notice to third parties. The bank should either have recorded its mortgage, and thus given notice of its lien, or it should have taken and retained actual possession of the lumber in order that subsequent purchasers might not be misled. This was not done. The lumber, after the constructive delivery, was still left upon the premises of the mortgagor, and apparently in its control and possession. As actual possession of the lumber was not taken and retained by the bank, the constructive delivery and possession taken by walking around the pile of lumber amounted to nothing, so far as the rights of subsequent purchasers were concerned."

In support of this statement, the court cites Steele v. Benham, 84 N. Y. 634; Anderson v. Brenneman, 44 Mich. 198, 6 N. W. 222; Jones, Chattel Mortgages (4th Ed.) paragraphs 186, 187.

In the instant case plaintiff allowed the water tank and tower to remain where it was on December 21, 1946, in the same condition for a period of more than two years without any mark of any kind thereon and with nothing

whatever to give notice of his claim of ownership or possession.

Plaintiff cites and relies, in part, upon Yank v. Bordeau, 23 Mont. 205, 58 P. 42. That case is not applicable for the reason that the property there involved was owned by Pohndorf, Thompson and Pearson in common with one Hughes. It was held that the possession of Hughes, co-owner, was the possession of the purchaser from Pohndorf, Thompson and Pearson, and that under such circumstances a sale by a tenant in common may not be voided by creditors on the ground that the chattel was not delivered to the purchaser.

Plaintiffs contend that section 6, Title 24, O. S. 1941, is not applicable for the reason that Universal Supply & Machinery Company and R. T. Courtney did not have possession of the water tank and tower at the time they sold it to him. But it was admitted that at such time Courtney and Universal Supply & Machinery Company were the owners thereof. In the absence of a contrary showing, proof of ownership carries a presumption of possession or control. 42 Am. Jur., Property, §40. Nothing contrary appears in the record. Further, plaintiff alleged in his amended petition that the tank and tower was in fact delivered to him. The only possible inference to be drawn from this allegation is that such alleged delivery was made by Courtney and Universal Supply & Machinery Company, which delivery could not have been made without possession or control. We are of the opinion that this contention of plaintiff may not be sustained.

Under the record as a whole the trial court was justified in denying the temporary injunction against J. R. Horrigan Construction Company. Clark v. Porter, 180 Okla. 179, 68 P. 2d 844.

Affirmed.