JERRY CHONG *v.* JOHN YOUNG, DEPUTY SHERIFF.

NO. 2867.

ARGUED SEPTEMBER 11, 1952.          DECIDED SEPTEMBER 23, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is an action in replevin in which the plaintiff obtained judgment in the circuit court, jury waived. The action involves the title and right to possession of personal property, a Flam #3 Challenge concrete hollow tile machine and its accessories. It was levied upon by the defendant, John Young, deputy sheriff, as the property of one William S. Q. Yee, pursuant to a writ of attachment issued from the circuit court of the first judicial circuit in a certain assumpsit action entitled Alvin A. Smith, doing business as Territorial Collectors, v. William S. Q. Yee, Law No. 20956. After the attachment the plaintiff, defendant in error, Jerry Chong, filed his action in replevin in the

first circuit court claiming title and right to possession under bill of sale for the machine from William S. Q. Yee which purported to be executed prior to the. attachment. The defendant relied upon the provisions of chapter 308, section 12758, Revised Laws of Hawaii 1945, and claimed that the purported bill of sale was not recorded nor was there any immediate change in possession of the property as required by section 12758, Revised Laws of Hawaii 1945.

The plaintiff testified that he had bought the machine and accessories from William S. Q. Yee, paying $500 for them, and obtained therefor a receipt and bill of sale dated June 3, 1950; that at that time and until after the attachment, a crate containing the machine and its accessories was stored in premises rented by Yee as a warehouse upon the Iolani school grounds in Honolulu; the bill of sale was not recorded and Chong had not removed the machine at any time though he did tear open enough of the crate to see the machine inside and show the same to a prospective purchaser; that he is in the business of buying and selling new and used commodities, working as a salesman or broker on a commission basis; that Yee was in default in his rental of the premises where the machine was stored for more than a year and was given notice of cancellation of his tenancy as of July 31, 1950; that on September 12, 1950, he paid the past rental on the premises, taking a receipt for the same on behalf of Yee.

As between the parties to the transaction, delivery of personal property is not necessary in order to pass title; however, under the statute (R. L. H. 1945, § 12758) unless the sale is accompanied with immediate possesion and followed by continued change of possession of the property or unless the evidence of the sale be put of record, the sale is void as to creditors as well as subsequent bona fide purchasers from the vendor. (*Chong Yet You* v. *Rose,* 23 Haw. 220.)

In an action in replevin the burden is upon the plaintiff to show that he is entitled to immediate and exclusive possession of the property claimed. (*Phillips & Co.* vs. *Magoon,* 9 Haw. 9.)

Section 12758, Revised Laws of Hawaii 1945, provides: "Every mortgage or *other conveyance* of personal property, not accompanied by immediate possession and followed by an actual and continued change of possession of the things mortgaged or conveyed, shall be void as against creditors of the mortgagor, and as against subsequent purchasers or mortgagees, in good faith and for a valuable consideration, unless such mortgage or other conveyance shall be recorded in the bureau of conveyances; * * *." (Emphasis added.)

Bills of sale and chattel mortgages are on the same footing. (*Chong Yet You* v. *Rose, supra.*)

Whether undisputed facts show immediate, actual and continued change of possession required by the statute to make a transfer thereof valid against the transferor's creditors is a question of law for the trial court to determine. (*Southern California Collection Co.* v. *Napkie* [Cal. App.], 235 P. [2d] 434; *O'Connor* v. *O'Connor, Rice & Barnes,* 44 Cal. App. [2d] 1, 111 P. [2d] 656; *Bowles Live Stock Com.* v. *Hunter,* 91 Mo. App. 418; *Wilson* v. *Hill,* 17 Nev. 401, 407, 30 Pac. 1076.)

In this case there is no dispute as to the facts; the purported bill of sale was not recorded and there was not a scintilla of evidence of immediate change of possession; the only evidence indicating in the slightest degree that plaintiff intended to take possession was that on September 12 (more than three months after the date he was alleged to have purchased the machine) plaintiff paid Yee's back rent for the premises where the crate containing the machine was stored. Obviously this would not be a change even of constructive possession, nor would more than three months be an immediate change of possession so as to defeat the

rights of creditors. As a matter of fact the conveyance itself shows that the plaintiff had no intent to take immediate possession or exercise control over the machine as the document covering the bill of sale provided "I, William S. Q. Yee, also agree to permit continued facilities for this machinery at my expense until such time as Jerry Chong prefers to move it * * *." Nor does this case involve warehouse receipt or transfer of documents of title or attornment by one in possession.

Cases under statutes similar to ours have been held inadequate where a great deal more was done toward taking possession and transferring ownership than in the present case. (*Bunting* v. *Saltz*, 84 Cal. 168, 24 Pac. 167; *Byxbee* v. *Dewey*, 115 Cal. 330, 47 Pac. 52; *Anderson* v. *Courtney*, 203 Okla. 71, 218 P. [2d] 361; *O'Connor* v. *O'Connor, Rice & Barnes, supra; Rheingans* v. *Hepfler*, 243 Wis. 126, 9 N. W. [2d] 585; *Fish* v. *Frick Co., Ltd.*, 49 N. Y. S. [2d] 46; *Wilson* v. *Hill, supra; Bank of Black Rock* v. *Decker*, 65 Ark. 33, 44 S. W. 220; *Cobb* v. *Haskell*, 14 Me. 303.)

The law requires an actual, open, unequivocal, exclusive and continuous possession as it is designed to prevent collusive transactions which defeat the right of creditors and bona fide purchasers after sale. (*Rheingans* v. *Hepfler*, 243 Wis. 126, 9 N. W. [2d] 585.)

There was no act whatever in the present case that would give notice to bona fide purchasers or creditors; in fact the act would give rise to an inference that the parties desired to conceal the fact of the transferred ownership; whether or not such design existed is unimportant as the good faith of the seller and the buyer under such circumstances is immaterial. (*Bartell* v. *Griffin*, 47 Colo. 567, 108 Pac. 171; *Wilson* v. *Hill, supra.*)

As stated in *Stevens* v. *Irwin*, 15 Cal. 503, 507: "The delivery must be made of the property; the vendee must

take the *actual* possession; that possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee. It must be such as to give evidence to the world of the claims of the new owner. He must, in other words, be in the usual relation to the property which owners of goods occupy to their property."

If a bill of sale, not recorded or even acknowledged or witnessed, followed by no delivery or taking of possession, actual or constructive, with no indications of ownership by marking the crate, could defeat the rights of creditors and subsequent bona fide purchasers, the statute would serve no purpose whatever. Such transfer of personal property, not recorded and not accompanied by an immediate delivery and followed by actual and continued change of possession, is conclusively presumed to be fraudulent and therefore void as against creditors of the transferor.

Judgment reversed.

*C. R. Ashford* (*P. A. Lee* with him on the brief) for plaintiff in error.

No counsel of record for defendant in error.