SMITH v. CHAMPNEY.

1. **Vendor and Vendee:** CHANGE OF POSSESSION. Where a person sells a field of corn standing upon his farm, and the vendee does not commence to harvest it, nor otherwise visibly to take charge of the corn or control of the field in which it stands, the actual possession is not changed, within the meaning of the statute providing that "no sale of personal property, where the vendor retains actual possession, is valid against existing creditors or purchasers without notice," unless the instrument evidencing the sale be recorded.

*Appeal from Harrison District Court.*

WEDNESDAY, DECEMBER 11.

ACTION to replevy twelve acres of corn standing upon the land of one Hunt. The defendant is a constable, and as such had levied an execution upon the corn to satisfy a judgment against Hunt. The plaintiff claims to be the owner by virtue of a purchase of the same from Hunt. The evidence shows that on the 1st day of October, 1877, the plaintiff entered into an oral agreement with Hunt whereby he was to cancel a small account due him from Hunt, pay a certain note due from Hunt, on which plaintiff was liable as surety, and in consideration thereof plaintiff was to become the owner of the corn in question, and Hunt was to harvest it and deliver it upon the plaintiff's premises the last of the month. On the second day of the month, and before the plaintiff had seen the corn, so far as the evidence shows, and before there had been any delivery or change of title or possession, except so far as shown by the facts above stated, the corn was seized by the

Smith v. Champney.

defendant upon execution. There was a trial without a jury. The court found that the corn was delivered before the levy; that the plaintiff became the absolute and unqualified owner, and was entitled to recover. Judgment was accordingly rendered for the plaintiff, and the defendant appeals.

*S. I. King*, for appellant.

*Evans & Roadifer*, for appellee.

ADAMS, J.—Section 1923 of the Code provides that "no sale * * * * of personal property, where the vendor * * * * retains actual possession, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and filed for record.

1. VENDOR and vendee: change of possession.

To entitle the plaintiff to recover there must have been either an actual change of possession, or the levy must have been made with knowledge on the part of the defendant of the plaintiff's purchase. There was no finding as to notice, but there was a finding that the corn was delivered to the plaintiff. This finding is assigned as error. The word *delivery* varies in meaning somewhat according to the circumstances under which it is used. Benjamin on Sales, § 675. But the court must have used it in this case to denote actual change of possession, because anything less than that would, under the statute, be insufficient for the plaintiff's protection. We have only to inquire, then, what is meant by actual possession as those words are used in the statute. In determining their meaning it is obvious that we need not inquire what delivery or what change of possession is sufficient to pass title. Of course, if the title did not pass the plaintiff could not recover; but something more than title is necessary under the statute to protect a vendee against a creditor of the vendor. It is claimed by the plaintiff that Hunt did not retain "actual possession" within the meaning of the words as used in the stat-

ute, if all the delivery was made of which the property was susceptible at the time, and it is claimed that there was such delivery. On the other hand, it is claimed that Hunt did "retain actual possession," unless there was a change of such character that the defendant might and should have observed it. The plaintiff relies upon *Courtright v. Leonard*, 11 Iowa, 32; but in that case the delivery was held insufficient. That is all that was decided. It cannot constitute an authority for holding the delivery in this case sufficient.

In our opinion, when a person sells a field of corn standing upon his farm, and the vendee does not commence to harvest it, nor otherwise visibly take charge of the corn or control of the field in which it stands, the actual possession is not changed within the meaning of the statute. The rules of construction require us to give force to the word *actual*. There is a clear implication that there might be a possession not actual, and that the transfer of such possession merely would be insufficient. Keeping in view this implication, and that the word actual must, if possible, be given some force of its own, we come to the conclusion that the possession contemplated is such that it is not changed by the mere words of the parties, but by something being done calculated to impart notice of the change.

We are confirmed in this view by considering the object which the statute was manifestly designed to secure. The statute provides for a record of the sale where the vendor retains actual possession. If there is an actual change of possession it obviates the necessity of a record, and conversely. Now the object of a record is to impart notice. The change of possession which would make a record unnecessary should be such as to impart notice. Certainly no good reason can be given why a change of possession would obviate the necessity of a record, unless it was sufficient to impart notice.

At common law there has been a conflict in the decisions as to whether the want of visible change of possession should

be deemed conclusively fraudulent as against the creditors of the vendor, or merely a badge of fraud.

In *Weeks v. Weed*, 2 Aiken, 70; *Flanagan* v. *Wood*, 33 Vt., 337, it is held to be conclusive. But, whether the one rule or the other has been held, the possession in question has been the visible or apparent possession. The actual possession contemplated in our statute, we think, is the same. In this connection see *Lewis v. Swift*, 54 Ill., 436; *Hook v. Linderman*, 64 Pa. St., 499; *Miller v. Garman*, 69 Pa. St., 134. In our opinion the court below erred in holding the delivery in this case, as against the defendant, sufficient to entitle the plaintiff to recover.

REVERSED.