THEODORE F. LANSING, Treasurer of the Territory, v. THEO. H. DAVIES & COMPANY, LIMITED.

ORIGINAL.

SUBMITTED DECEMBER 29, 1900.    DECIDED JANUARY 26, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Sections 764-768, Penal Laws, which impose a license tax upon the sale of imported goods, are unconstitutional.

OPINION OF THE COURT BY FREAR, C.J.

This is a submission on agreed facts.

The question is whether Sections 764-768 of the Penal Laws, relating to "merchandise licenses" are unconstitutional. These sections provide, among other things, that "the annual fee for a license to sell imported goods, wares and merchandise" shall be $50 if the gross annual sales are less than $20,000 and $\frac{3}{8}$ of 1 % of the sales if over $20,000, and impose a penalty upon "any person who shall sell imported goods, wares or merchandise without a license" under these sections.

The defendant is a Hawaiian corporation with its principal place of business in Honolulu. Its sales of goods imported from foreign countries (exclusive of the United States) for the year ending June 30, 1900, amounted to $661,312.48, and of those brought from the United States, $915,601.90. If the statute is constitutional as to either or both of these classes of goods the license fee would be $2,529.92 for one class, $3,433.50 for the other class and $5,976.90 for both classes. It is agreed that judgment may be entered for the plaintiff for one of these sums or for the defendant according as the court finds the law.

The statute is in conflict with at least two provisions of the Constitution of the United States, namely, the clause in Art. 1, Sec. 8, which gives to Congress the power, "To regulate commerce with foreign nations, and among the several States, and with the Indian tribes," and that in Art. 1, Sec. 10, which provides that, "No State shall, without the consent of Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws."

The Supreme Court of the United States has held many times that a State tax upon goods in their character as imported goods or goods coming from another State is forbidden by these provisions of the Constitution, and that within the meaning of these provisions it is immaterial whether the tax is laid directly upon the goods themselves or only indirectly in the form of a tax upon the person or the business, as for instance, by charging a license fee for the sale of the goods.  See among other cases:  *Brown v. Maryland,* 12 Wh. 419; *Ward v. Maryland,* 12 Wall. 418; *Welton v. Missouri,* 91 U. S. 275; *Webber v. Virginia,* 103 U. S. 344; *Walling v. Michigan,* 116 U. S. 446; *Leloup v. Mobile,* 127 U. S. 640; *Voight v. Wright,* 141 U. S. 62.

Judgment for defendant.

*Attorney-General E. P. Dole* for plaintiff.

*Hatch & Silliman* for defendant.