# JONATHAN SHAW *v.* WILLIAM W. BOYD; WAIALUA AGRICULTURAL CO., LTD., GARNISHEE.

APPEAL FROM DISTRICT MAGISTRATE, WAIALUA, OAHU.

ARGUED MAY 25, 1908.                    DECIDED MAY 29, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

GARNISHMENT—*procedure under sequestration statute.*

> Under R. L. Sec. 2115A and 2115B a garnishee is entitled to any lawful set-off accruing before final judgment, but may be ordered to pay a sum equal to 25 per cent. of the salary of an employee accruing from and after judgment irrespective of set-off.

STATUTES—*construction.*

> The intent of the legislature is to be gathered from the language used, and general considerations of motive should not be resorted to unless the language is obscure or ambiguous.

SET-OFF AND COUNTER CLAIM—*store account of employee.*

> Under R. L. Sec. 2698 the written consent of an employee to the set-off of his store account may be general and given in advance.

## OPINION OF THE COURT BY BALLOU, J.

Plaintiff brought his action before the district magistrate of Waialua alleging that the defendant, being indebted to plaintiff in the sum of $75 for use and occupation of certain premises, promised to pay on request but had not done so. There was a prayer for judgment and a garnishee summons was issued against the Waialua Agricultural Co., Ltd., the printed portion of which required garnishee "to appear personally at the time and place above named, then and there upon oath to disclose whether it have, or at the time said copy was certified had, any of the goods or effects of said defendant in its hands and if so the nature, amount and value of the same, or whether said garnishee is indebted to said defendant and the nature and

amount of said debt." Interlined immediately thereafter were the words "and whether defendant receives a regular salary or wages from garnishee."

Defendant was defaulted, but the garnishee appeared and its manager testified that the defendant was an employee receiving a salary of $100 per month, but was in debt to the company in the sum of $109.80. It was admitted that this indebtedness was on store account and the garnishee offered in evidence the following printed instrument stated to be "an assignment of his salary to the company on account of his store bill."

"No. 3021.

Waialua, June 1st, 1907.

To the Waialua Agricultural Company, Limited.

In settlements from time to time had between myself and the Waialua Agricultural Company, Limited, you are hereby authorized and empowered to deduct from any wages due and payable to me anything I may owe on store account to the said company.

Dated Waialua, the 1 day of June, 1907.

(Signed)        W. W. BOYD.

Witness:

JOHN LITTLE."

The district magistrate gave judgment for the plaintiff for the amount sued for with costs and entered the following order:

"The garnishee is hereby ordered to withhold 25 per cent. of defendant's salary (monthly) until the amount of judgment is fully satisfied." From this order the garnishee appealed to this court on points of law, claiming that the district magistrate erred in entering the order and that Act 99, S. L. 1907, is unconstitutional as interfering with the right of a private contract.

At the outset plaintiff claims that it would be unlawful for the garnishee to deduct or set off the defendant's store account from or against his wages and that, therefore, the whole of any salary which might be due the defendant at time of service is

subject to garnishment, relying upon R. L. Sec. 2698 which reads:

"It shall be unlawful for any person, firm, partnership or corporation, within this Territory, to deduct and retain any part or portion of any wages due and payable to any laborer or employee, or to collect any store account, offset or counter claim without the written consent of such laborer or employee or by action in court as provided by law."

In reply to the written consent offered in evidence it is urged on behalf of the plaintiff that if such general consent of the laborer given in advance is valid the whole intent of the law is frustrated and that the section should be construed as referring to a written consent to be given after the store account has been incurred.

The intent of the legislature, as gathered from the language used, is the primary consideration in statutory construction, but the general motive with which the legislature may be supposed to have passed the act, such as a consideration of the mischief sought to be remedied, should be resorted to only in construing language which is obscure or ambiguous. *Denn v. Reid,* 10 Pet. 522, 527. Although it must be conceded that under the practice in evidence in this case the protection to the employee sought to be conferred by the statute is largely illusory, this would not warrant us in reading into the statute a term relating to the time when the written consent must be given not inserted therein by the legislature, particularly as a subsequent section makes a violation of the statute a penal offense. The testimony showed, therefore, that at the time of the trial there was nothing due from the garnishee to the defendant subject to garnishment.

The next point for consideration is the effect of R. L. Secs. 2115A and 2115B as enacted by S. L. 1907, Act 99, and now for the first time brought before this court for construction. The sections are as follows:

"Section 2115A. If it shall appear upon the trial of any cause wherein service has been made as provided by law upon any attorney, agent, factor or trustee of a defendant, that such defendant is in receipt of any salary, stipend, wages, annuity or pension from such attorney, agent, factor or trustee, the Court before which such trial is had shall order and direct such attorney, agent, factor or trustee not to pay to such defendant or permit or cause to be paid to him more than seventy-five per cent. of such salary, stipend, wages, annuity, or pension, which shall then be or shall thereafter become due, owing or payable to such defendant until the suit against him shall have been finally determined and the final judgment obtained against him, if any, shall have been fully paid with legal interest thereon; provided, however, that no more of such salary, stipend, wages, annuity or pension shall be thus withheld from said defendant in advance of final judgment than shall be sufficient to meet the demand of the plaintiff or plaintiffs in such suit or suits together with costs and legal interest.

"Section 2115B. In case there shall be certified to such garnishee a judgment for the plaintiff, from or to which no appeal or execution shall, at the time of its rendition, have been noted it shall be incumbent upon such garnishee to pay to such plaintiff such sum or sums as shall theretofore have been sequestered and not drawn against in pursuance of such suit if such judgment shall equal or exceed such sum or sums. If the amount so sequestered and not drawn against shall not suffice to extinguish such judgment, then such sequestration and delivery to such plaintiff by such garnishee of a sum equal to twenty-five per cent. of such salary, stipend, wages, annuity or pension shall continue from week to week, or from month to month, until such judgment, with legal interest thereon, shall be fully paid, or until such defendant shall quit the service of and dissolve his relation to the garnishee upon which sequestration is founded."

It is true that the garnishee is neither an attorney, agent, factor or trustee of the defendant in the primary meanings of those words, but the word "trustee" has a well defined secondary meaning in connection with garnishment which gives the name "trustee process" to garnishment proceedings in several states.

Shaw v. Boyd, 19 Haw. 83.

"The word 'trustee' as used in the various provisions of the statutes relating to trustee process, manifestly denotes the debtor or agent of the principal defendant, i. e. the persons against whom an action ex contractu at law only might be maintained in favor of the principal defendant and is not used in its technical sense." *Cross v. Brown,* 19 R. I. 220, 249.

An examination of the statute as amended discloses a difference in phraseology in regard to proceedings before and after judgment. It will be noted that no rights under the new sections attach upon the service of process, but the rights and liabilities of the parties up to the date of trial remain as fixed by R. L. Secs. 2114, 2115 and 2116. From the time of trial until final judgment the garnishee may be ordered not to pay more than 75 per cent. of the salary which shall then be or shall thereafter become due, owing or payable. It may fairly be considered that no salary becomes due, owing or payable if the defendant is indebted to the garnishee and therefore during this period the garnishee would be entitled to the benefit of any lawful setoff. After judgment, however, the garnishee may be ordered to deliver to the plaintiff a sum equal to 25 per cent. of the defendant's salary until the judgment is fully paid or the defendant quits the service of the garnishee. Here there is no qualification that the salary must be due and owing or that it actually be the salary of the defendant, but the apparent intention is to give the plaintiff priority over all claims to an amount equal to 25 per cent. of the salary.

We find nothing unconstitutional in such a provision. The right of private contract is not interfered with by legal process directed against property which may be the subject matter of the contract. Attachment, garnishment, mechanic's liens, judgment liens, condemnation proceedings and all other processes which determine the priority in which a debtor's effects shall be applied or which result in compulsory sequestration of property may affect property under contract or in regard to which

the owner desires to contract, yet they afford the due process of law required by the constitution.

The order of the court in this case does not specify when the withholding of the twenty-five per cent. of defendant's salary is to begin, but in the absence of a date would properly be construed as having no retroactive effect but as referring only to salary accruing from and after the date of final judgment. ' Thus construed it is correct as far as it goes. It may be assumed that the money withheld should be paid to the plaintiff or the plaintiff may move that the order be modified to express this more clearly.

The order appealed from is affirmed.

*Lyle A. Dickey* for plaintiff.

*D. L. Withington* and *W. A. Greenwell* (*Castle & Withington* on the brief). for garnishee.