# IN THE MATTER OF THE APPEAL OF THE INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED, FROM A RULING OF THE AUDITOR OF THE TERRITORY OF HAWAII.

ARGUED JANUARY 11, 1912.                    DECIDED JANUARY 16, 1912.

ROBERTSON, C.J., DE BOLT, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF PERRY, J.

STATUTES—*consideration of—letter—intent.*

In the absence of an obviously mistaken or inaccurate use of words the letter of a statute will not be extended by construction to meet the alleged intent of the legislature where no injustice, absurdity, repugnance or inconvenience will result from a literal interpretation.

SAME—*Act 143, Laws of 1911, construed.*

The statute making an appropriation for the purpose of repaying moneys wrongfully collected as merchandise license fees under sections 764 to 768 of the Penal Laws, 1897, did not include license fees paid prior to June 14, 1900, in advance for a period extending beyond that date.

OPINION OF THE JUSTICES BY ROBERTSON, C.J.

The appellant, Inter-Island Steam Navigation Company, Limited, presented a claim to the treasurer of the Territory for a refund of a portion of a merchandise license fee paid by it on June 7, 1900. The claim was made under and pursuant to Act 143 of the Laws of 1911, which appropriated money for the purpose of paying back "moneys wrongfully collected" as merchandise license fees under sections 764 to 768 of the Penal Laws 1897, and appellant asked for the repayment of a portion of the whole fee corresponding to the unexpired fraction of the year for which the fee was paid from a line drawn at the 14th of June, 1900. The license was dated June 2, 1900, the annual fee was $1380.20, and the amount asked to be refunded was $1331.05. This appeal was taken from the ruling of the auditor whereby he declined to allow the claim and refused to issue a warrant thereon.

In re Inter-Island Steam Nav. Co., 21 Haw. 6.

The statute was upheld and construed in *Smithies* v. *Conkling*, 20 Haw. 600, and was further considered in a subsequent proceeding between the same parties reported in 20 Haw. 675. Counsel for the auditor refers to the ruling made in the case first above referred to, where, in reply to the contention that section one of the act seemed to provide for the return of all license fees collected under the license law whether paid before or after June 14, 1900, we said that the legislature was without power to cause the repayment of fees collected prior to the date mentioned. But, as pointed out in the second *Smithies* case, the language used in the opinion in the first case must be understood to have had reference to the facts then before the court. The status of claims of licensees who had paid annual fees for periods overlapping the 14th of June was not then under consideration. In the second *Smithies* case we held that fees paid after June 14 for periods commencing before that date were wrongfully collected within the meaning of Act 143 only as to the unearned portions thereof. Counsel for the appellant base their contention that the decision in the case last decided is conclusive in favor of their client on the ground "that the moral obligation to repay appellant the amount for which no *quid pro quo* was given is as strong as in the precise instances which the court had under consideration in the case above cited." And they contend that a liberal construction should be given the words "wrongfully collected," used in the title of the act, so as to include what they conceive to be the moneys wrongfully retained.

The words "wrongfully collected" were held in the first *Smithies* case to mean illegally collected in view of the decision in *Lansing* v. *Theo. H. Davies & Co.*, 13 Haw. 286.

Referring to the contention of counsel for the appellant, we may concede that the legislature could have found as strong a moral obligation in favor of persons who paid merchandise license fees under the circumstances under which the appellant in this case made payment as in the case of those who paid

fees under the circumstances shown in the second *Smithies* case, but the question presented now is whether the obligation was recognized and provided for by Act 143.

At the time the fee became due from the appellant (June 2) and at the time it was paid (June 7) the merchandise license law was in full force and effect. It was the duty of the then minister of the interior to demand payment of the fee, and it was the duty of the corporation, under penalty of a fine for refusal, to pay it. Whether a portion of the fee should thereafter be returned to the corporation was a matter for the legislature to determine, but, under the circumstances stated, it can not be argued successfully that the fee was wrongfully or illegally collected. The appellant's claim does not fall within the strict letter of the statute, nor can we see our way clear to construe the language of the act so as to make it cover claims such as that now under consideration.

It is an established canon of statutory construction that the reason and intention of the legislature will control the strict letter of the law, when the letter would lead to palpable injustice, contradiction and absurdity. *Shillaber* v. *Waldo,* 1 Haw. 31, 38. But in the absence of an obviously mistaken or inaccurate use of words, the legislative intent is to be found in the language of the statute and there should be no departure from that language where no injustice, inconvenience, repugnancy, or absurdity will follow from a literal interpretation. *Union Central L. I. Co.* v. *Champlin,* 116 Fed. 858; *Caster* v. *McClellan,* 132 Ia. 502; *Choctaw, etc., R. Co.* v. *Alexander,* 7 Okla. 591. As no injustice, absurdity or other untoward result will follow an adherence to the letter of the act in this respect, we are obliged to hold to the letter. Granting that the legislature could have found and recognized a moral obligation owing to the appellant and others similarly situated, it does not follow that we should construe the act so as to cover a class of claims not included in its terms. In *United States* v. *Freeman,* 3 How. 556, 565, a case often cited in support of

the rule that in certain cases the meaning of the legislature may be extended beyond the precise words used in the law, the supreme court pointed out that there is a limitation to the rule as follows, "the limitation of the rule being, that to extend the meaning to any case not included in the words, the case must be shown to come within the same reason upon which the law-maker proceeded, and not only within a like reason." The appellant's claim does not fall within the category of moneys "wrongfully collected"—it is not within the same reason upon which the statute proceeded—though it might have afforded a like reason for relief at the hands of the legislature.

A further reason for not extending the language of the statute by construction exists in the fact that the act bears internal evidence that it was not the intention of the legislature to include claims of the class of that of the appellant. It appeared in the first *Smithies* case that the amount of twenty thousand dollars which the act appropriated for the payment of claims was insufficient to pay in full those arising from the payment of license fees after June 14, 1900. Had the legislature intended to make, in addition, a proportional refund of all fees paid after June 14, 1899, the class to which the appellant's claim would belong, it would have been necessary to appropriate about three times that amount. Notwithstanding that Act 143 was loosely drawn we must assume that the legislature acted upon definite and reliable information as to the amount of fees paid to the government for merchandise licenses, and of the probable amount of claims that would be filed under the act.

The auditor's ruling is sustained.

*C. R. Hemenway* (*Smith, Warren & Hemenway* on the brief) for appellant.

*J. Lightfoot* for the auditor.

*E. W. Sutton, Deputy Attorney General,* amicus curiae.