CHONG YET YOU AND CHEW SAI, ALIAS SAM KEE *v.* CHARLES H. ROSE.

No. 921.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

SUMITTED MARCH 24, 1916.                DECIDED APRIL 3, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

STATUTES—*construction—reason and spirit—implication.*
   In case of incompleteness or ambiguity of expression the reason and spirit of the statute should be considered. That which is necessarily or plainly implied in a statute is as much a part of it as that which is expressed.

SALES—*fraudulent conveyances—retention of possession by vendor.*
   Under Sec. 3120, R. L. 1915, a sale of personal property is void as to creditors of the vendor where there is no delivery and change of possession of the property, and the evidence of the sale is not recorded.

REPLEVIN—*attached property.*
   It is a good defense to an action of replevin against a sheriff that he holds the property by virtue of a valid writ of attachment against a third party who is the real owner.

OPINION OF THE COURT BY ROBERTSON, C. J.

This is an action of replevin in which the defendant obtained judgment in the circuit court, jury waived, and is brought to this court upon the plaintiffs' exceptions to the decision and the overruling of their motion for a new trial. The case was tried upon agreed facts. The plaintiffs purchased a refrigerator from one Fong Lan on September 13, 1915; at the request of the vendor, acceded to by the vendee, the refrigerator was to remain in the possession of the former for a few days; a bill of sale was executed but not

recorded; and on September 14, the defendant, as sheriff of Honolulu, took the refrigerator from the possession of Fong Lan under a writ of attachment issued in an action of assumpsit brought against Fong Lan by another, the validity of which writ has not been questioned. The plaintiffs contend that the decision of the circuit court was contrary to the law and the facts.

Section 3120 of the Revised Laws, 1915, provides that "Every mortgage or other conveyance of personal property, not accompanied by immediate possession and followed by an actual and continued change of possession of the things mortgaged or conveyed, shall be void as against creditors of the mortgagor, and as against subsequent purchasers or mortgagees, in good faith and for a valuable consideration, unless such mortgage or other conveyance shall be recorded in the office of the registrar of conveyances." By section 2381 of the Revised Laws of 1905, it was provided that chattel mortgages, as well as certain other instruments, in order to bind third parties to their detriment, should be recorded in the office of the registrar of conveyances. (R. L. 1915, Sec. 3119.) Bills of sale were not included. In 1911 the legislature amended that section by eliminating reference to chattel mortgages and enacted a new section which has become section 3120 of the last revision as above quoted. (S. L. 1911, Chap. 20.) The evident intent of the legislature was to put chattel mortgages and bills of sale upon the same footing and to require their recordation unless there was an actual and continued change of possession of the property mortgaged or sold, by way of protection against fraud upon creditors and subsequent mortgagees of, and *bona fide* purchasers from, the vendor or mortgagor, as the case might be. Has the intention been sufficiently expressed? The statute says "shall be void against creditors of the mortgagor." What as to the creditors of the vendor? The statute also says "as against

subsequent purchasers or mortgagees" without mentioning
from or of whom. Here, by necessary implication to avoid
absurdity and incongruity, the words "from or of the
vendor or mortgagor" are to be implied. And we think by
like implication, and in order to carry out the manifest
intent of the legislature, creditors of a vendor must be held
to be equally protected with creditors of a mortgagor
though they are not expressly mentioned. If the words "of
the mortgagor" did not appear there would be very little
difficulty, and we think the presence of those words should
not change the construction. Statutes designed to protect
creditors against fraud are liberally construed. 20 Cyc.
344. The intention of the legislature is to be looked for
first in the language used in the statute, and unless that
language, if taken literally, would lead to injustice, incon-
venience, repugnancy or absurdity, it will be given its
ordinary meaning and usual effect. *In re Inter-Island
Steam Nav. Co.,* 21 Haw. 6; *Lake County* v. *Rollins,* 130
U. S. 662, 670. But in case of incompleteness or ambiguity
of expression the reason and spirit of the statute and the
cause which induced the legislature to enact it should be
considered in interpreting it. R. L. 1915, Sec. 12; *Shaw*
v. *Boyd,* 19 Haw. 83. And in this connection the rule is
that whatever is necessarily or plainly implied in a statute
is as much a part of it as that which is expressed. 36 Cyc.
1112; *Telegraph Co.* v. *Eyser,* 19 Wall. 419, 427; *Hill* v.
*American Surety Co.,* 200 U. S. 197, 203; *Gilbert* v. *Crad-
dock,* 67 Kan. 346; *State* v. *Phelps,* 144 Wis. 1, 8; *State* v.
*Blair,* 235 Mo. 680, 697. This has been assumed to be the
rule in a number of cases in this jurisdiction. In the case
of *In re Lightfoot,* 22 Haw. 293, 297, this court said "Stat-
utory construction permits the implication of words appar-
ently intended for the purpose of upholding and giving
force to the legislative will, but does not authorize the
interpolation of conditions into a statute—additional

terms—not found in the statute considered as a whole."
See *Territory* v. *Palai, ante* p. 133.   There is a difference
between drawing plain inferences and making necessary
implications, based on the context, reason and spirit of an
act, on the one hand, and supplying material omissions and
interpolating additional provisions, on the other.   One is
permissible, the other not.

We hold, therefore, that though as between the parties
to the transaction, delivery of personal property is not
necessary in order to pass title upon a sale of the property,
yet under the statute a sale not accompanied with delivery
and followed by a continued change of possession of the
property is void as to creditors of as well as subsequent
*bona fide* purchasers from the vendor unless the evidence
of the sale be put of record.   See *Prather* v. *Parker,* 24 Ia.
26; *Smith* v. *Champney,* 50 Ia. 174.   The contention of
plaintiffs' counsel that the defendant was a mere tres-
passer and unable to justify under the writ is based on the
mistaken view that the refrigerator belonged to the plain-
tiffs as against all persons.   "It is a good defense to an
action of replevin that the property was taken by the
defendant by virtue of a writ of attachment in his hands
as sheriff against a third party who is the real owner."
Cobbey on Replevin, Sec. 804.   The cases of *Wright* v.
*Brown,* 11 Haw 401, and *Lazarus* v. *Carter,* id. 541, cited
in the plaintiffs' brief, are not at all in point because,
among other reasons, they were decided before the passage
of the act of 1911 above referred to.

The exceptions are overruled.

*J. T. DeBolt* for plaintiffs.

*J. Lightfoot* for defendant.